UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 07-91
                                            Civil No. 09-2765

JEROME L. SCOTT                             SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Jerome L. Scott ("Scott"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

On October 24, 2007, Scott plead guilty to a one count indictment for bank robbery in violation of 18 U.S.C. § 2113(a). He was sentenced to 151 months imprisonment on April 30, 2008. This motion was filed on February 6, 2009, in a timely manner. Payne challenges his sentence on two grounds based on ineffective assistance

1

of counsel. The government opposes the motion.

**Strickland**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. A defendant seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. *Id*. at 697.

To prevail on the deficiency prong, defendant must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). Defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the defendant is challenging the actions of trial or appellate counsel.[1] In order to prove prejudice with respect to trial counsel, defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 57 (1985), quoting *McMann v.*

---

[1]In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a defendant must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. *Briesno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001); *see also Smith v. Robbins*, 528 U.S. 259, 286 (2000). Therefore, defendant must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. *Briesno*, 274 F.3d at 210.

*Richardson*, 379 U.S. 759, 771 (1970). In *Hill,* the United States Supreme Court adopted the same two-part standard to evaluate ineffective assistance of counsel claims as set forth in *Strickland*. A convicted defendant seeking relief must demonstrate that counsel's performance was deficient <u>and</u> that the deficient performance prejudiced the outcome of the plea process. If a court finds that petitioner has made an insufficient showing as to either one of the two prongs of inquiry, i.e., deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697. In order to satisfy the prejudice requirement in a plea situation, "the defendant must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58.

Defendant bears the burden of proof when asserting an ineffective assistance of counsel claim. Defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

**Ineffective assistance of counsel**

The record reflects that prior to rearraignment, the Court ordered that Scott undergo a mental health assessment, which concluded that Scott was competent to proceed and assist counsel. Scott was deemed competent by the Court on September 19, 2007. He plead guilty on October 24, 2007, and was sentenced to 151 months imprisonment on April 30, 2008. The defendant now argues that counsel was ineffective in failing to request a second mental health examination, and in failing to make the Court aware of information contained in the pre-sentence report that Scott was on parole and would be facing state proceedings. Scott seeks a downward departure of 12 years from his sentence and asks to be incarcerated in a medical facility that can provide him with psychological treatment.

The defendant's allegations fail to establish either prong of the *Strickland* test. In so finding, the Court does not intend to diminish the severity of the defendant's history of mental health issues or its impact on his history of crime. The Court imposed as special conditions of supervised release that Scott participate in an orientation and life skills program, undergo drug testing and treatment, and participate in a program of mental health treatment. These opportunities will be available upon his release from imprisonment.

Accordingly,

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by Jerome L. Scott is DENIED.

New Orleans, Louisiana, this 16th day of November, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE